United States District Court
Southern District of Texas
**ENTERED**
August 19, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| COVARRUBIAS REMODELING SERVICE, LLC, *et al.*, | § § § § § | |
| Plaintiffs. | | |
| V. | § § § | CIVIL ACTION NO. 3:25-cv-00233 |
| CITY OF FREEPORT, TEXAS, *et al.*, | § § § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiffs Covarrubias Remodeling Service, LLC; Carlos Alfonso Covarrubias; and Monica Cerna filed this action in the 149th Judicial District Court of Brazoria County, Texas, alleging that Defendants City of Freeport, six of its officials, and the law firm of Olson & Olson, LLP conspired to harm Plaintiffs' business. Plaintiffs assert various claims under state and federal law, including § 1983 claims for violations of their rights under the First and Fourteenth Amendments to the United States Constitution.

On July 23, 2025, Olson & Olson removed this case to federal court on the basis of federal question jurisdiction because Plaintiffs have asserted claims against Defendants that arise under the United States Constitution. *See* 28 U.S.C. § 1331 (District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). In its notice of removal, Olson & Olson represents that the removal is "consented to by the other Named Defendants." Dkt. 1 at 2.

Plaintiffs move to remand, arguing that remand is warranted for a variety of reasons. *See* Dkt. 4. I need to address only Plaintiffs' claim that the removal is procedurally defective because none of the other defendants have timely filed their consent to removal.

"The party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) (quotation omitted). "This burden extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." *Villasana v. Bed Bath & Beyond, Inc.*, 502 F. Supp. 2d 528, 529 (W.D. Tex. 2007) (quotation omitted). "Because removal raises significant federalism concerns, the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quotation omitted); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("Any ambiguities are construed against removal").

A defendant seeking to remove a civil case must file a notice of removal "in the district court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1446(a). That notice must "be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." *Id.* § 1446(b)(1). For a defendant who has not been properly served, the 30-day removal period commences "on the date on which the defendant file[s] an answer in state court." *Esquivel v. LA Carrier*, 578 F. Supp. 3d 841, 845 (W.D. Tex. 2022) (collecting cases). I will assume, without deciding, that the clock on the removal period started on June 23, 2025, the date Olson & Olson filed its answer in state court. *See* Dkt. 1 at 3. Thus, the removal period concluded 30 days later on July 23, 2025.

To effect proper removal, "all defendants who have been properly joined and served must join in or consent to the removal of the action." *Id.* § 1446(b)(2)(A). This is referred to as the "rule of unanimity." *Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015). All served defendants must join or consent to removal before the expiration of the 30-day removal period. *See Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262–63 (5th Cir. 1988). In *Getty Oil*, the Fifth Circuit explained that a removing defendant's mere representation that the other

defendants have consented is not sufficient. *See id.* at 1262 n.11. Instead, "each served defendant," or someone "purporting to formally act on its behalf," must timely file a "written indication . . . that it has actually consented to" removal. *Id.* Without such indication, the Fifth Circuit reasoned, "there would be nothing on the record to 'bind' the allegedly consenting defendant." *Id.*

If all properly joined and served defendants fail to timely consent, the removal is procedurally defective and remand is required if the plaintiff timely moves to remand. *See id.* A motion to remand on the basis of a procedural defect in the removal process must be filed within 30 days after the filing of the notice of removal. *See* 28 U.S.C. § 1447(c). Plaintiffs filed the instant motion to remand a mere two days after Olson & Olson filed its notice of removal.

The notice of removal filed by Olson & Olson states simply that removal is "consented to by the other Named Defendants." Dkt. 1 at 2.[1] Yet, the non-removing defendants did not sign the notice of removal or file written consents onto the court's docket by July 23, 2025. This is insufficient under controlling Fifth Circuit precedent.[2]

As already explained, a unilateral representation by Olson & Olson that the non-removing defendants consented to removal does not satisfy the stringent Fifth Circuit standard set forth in *Getty Oil*. Within the Fifth Circuit, district courts "have found removals defective when they have not met the requirements laid out in *Getty Oil*, and have consistently rejected representations from one party that

---

[1] There is no dispute that the overwhelming majority of the non-removing defendants were properly joined and served. *See* Dkt. 1-3 at 3–4.

[2] Curiously, Olson & Olson argues that *Getty Oil* "holds no legal value and lacks any authority." Dkt. 5 at 3. "Contrary to [Olson & Olson's] assertion, the requirement announced in *Getty Oil* is not mere dicta, but is the starting point for this analysis in the Fifth Circuit." *Grand Tex. Homes, Inc. v. Am. Safety Indem. Co.*, No. 3:12-cv-1773, 2012 WL 5355958, at *2 (N.D. Tex. Oct. 30, 2012) (quotation omitted). Indeed, the Fifth Circuit has repeatedly reaffirmed *Getty Oil*'s basic holding that bare allegations by the removing defendant that the non-removing defendants have consented to removal does not suffice. *See, e.g., Mauldin v. Allstate Ins. Co.*, 757 F. App'x 304, 309 n.18 (5th Cir. 2018); *Powers*, 783 F.3d at 576; *Gillis v. Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002).

another party consents in the removal." *Okoronkwo v. Bolen*, No. A-18-cv-00542, 2019 WL 433739, at *3 (W.D. Tex. Feb. 2, 2019); *see also Sage Indus. (USA), Inc. v. Burningham*, No. 4:24-cv-00078, 2024 WL 1769355, at *3 (S.D. Tex. Apr. 23, 2024) (collecting cases). That is exactly the situation here.

On August 18, 2025—nearly a month *after* removal and well past the July 23, 2025 end of the removal period—Defendant Jeffrey Michael Pena filed a consent to notice of removal. Dkt. 15. This is too little too late. "District courts have no power to overlook procedural errors relating to the notice of removal; instead, a district court must remand a case which was removed pursuant to a procedurally defective notice." *Harden v. Field Mem'l Cmty. Hosp.*, 516 F. Supp. 2d 600, 606 (S.D. Miss. 2007), *aff'd*, 265 F. App'x 405 (5th Cir. 2008). "The view that technical flaws in a removal petition can be swept away seriously misunderstands the conditions under which the formidable power of the federal judiciary can—and should—be invoked." *Spoon v. Fannin Cnty. Cmty. Supervision & Corr. Dep't*, 794 F. Supp. 2d 703, 706 (E.D. Tex. 2011) (citation modified) (refusing to accept written consent filed after the 30-day notice period had expired and after a motion to remand was filed). Because there is no evidence in the record that all served defendants *timely* consented to Olson & Olson's removal by July 23, 2025, this case must be remanded to state court.

There is one last issue I need to address. Plaintiffs request that they be awarded their costs, expenses, and attorneys' fees. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Although Olson & Olson failed to submit written consents from the non-removing defendants to properly effectuate removal, I cannot say that the law firm lacked an objectively

4

reasonable basis for removing this case. Because Plaintiffs' § 1983 claims unquestionably give rise to federal question jurisdiction and Olson & Olson explained in its Notice of Removal that the non-removing defendants had consented to removal, I find that removing this case—even though defective from a procedural standpoint—was objectively reasonable. Thus, I recommend that Plaintiffs' request for costs and attorneys' fees be denied.

## CONCLUSION

For the reasons discussed above, I recommend that Plaintiffs' motion to remand (Dkt. 4) be granted, and this case be remanded to the 149th Judicial District Court of Brazoria County, Texas, for further proceedings. I further recommend that Plaintiffs' request for costs and attorneys' fees be denied.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 19th day of August 2025.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE